UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY LEE BONDS | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:10-0295 |
| | ] | Judge Trauger |
| JAMES FORTNER, WARDEN, et al. | ] | |
|     Respondents. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the facility, and the Attorney General of Tennessee, seeking a writ of habeas corpus.

**A. Background**

On March 29, 2005, a jury in Davidson County found the petitioner guilty of first degree murder, felony murder, especially aggravated robbery, and two counts of aggravated burglary. Docket Entry No.16-1 at pgs.32-33. For sentencing purposes, the first degree murder and felony murder convictions were merged and the petitioner received a sentence of life imprisonment plus twenty eight (28) years. Docket Entry No.14-1 at pgs.11-15.

On direct appeal, the Tennessee Court of Criminal Appeals

1

affirmed the convictions and sentences. *Id.* at pgs.17-31. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg.32; Docket Entry No.14-8.

The petitioner then filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.14-1 at pgs.33-47. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.106-111. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.14-11. The petitioner's untimely application for additional post-conviction review was denied by the Tennessee Supreme Court. Docket Entry No.14-13.

### B. Procedural History

On March 22, 2010, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts eight claims for relief.[1] More specifically, he alleges that

> 1) trial counsel were ineffective
>    a) for failing to request a mental evaluation of the petitioner;
>    b) for failing to develop a reasonable trial strategy;
>    c) for failing to adequately investigate the petitioner's case;
>    d) for failing to develop a defense;

---

[1] The petition lists nine claims. However, the fifth and ninth claims are identical (failure of counsel to request a jury instruction regarding petitioner's intoxication at the time of the crimes).

2

    e) for failing to request a jury
     instruction regarding the petitioner's
     intoxication at the time of the
     crimes;
    f) for failing to order a blood sample
     that would have shown petitioner's
     level of intoxication at the time he
     gave a statement to the police;
    g) for failing to object when the trial
     judge took petitioner's Motion for
     Judgment of Acquittal under advisement;[2]
     and

  2) petitioner's convictions were based upon
   a coerced statement made to the police.

  Upon its receipt, the Court conducted a preliminary review of the petition and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondents to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

  Presently pending before the Court is respondents' Answer to the petition (Docket Entry No.15), to which the petitioner has offered no reply. Upon consideration of respondents' Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition

---

[2] At trial, petitioner was represented by Katie Weiss-Bottom and Virginia Flack Foard, both Assistant Public Defenders for Davidson County.

as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

## C. Analysis of the Claims

### I.) Procedurally Defaulted Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner claims that he was denied the effective

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; see also Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

assistance of counsel when his attorneys failed to develop a reasonable trial strategy (Claim No.1b), failed to adequately investigate his case (Claim No.1c), failed to develop a defense (Claim No.1d), and failed to request a jury instruction regarding petitioner's intoxication at the time of the crimes (Claim No.1e). These claims were never raised in the state courts during either the direct appeal (Docket Entry No.14-3 at pgs.2-31) or post-conviction appeal (Docket Entry No.14-9 at pgs.2-23) of the convictions. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some

5

showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner has offered no cause for his failure to exhaust these ineffective assistance claims in the state courts in a timely manner. Nor has he shown prejudice resulting from the alleged violations. Consequently, these claims (Claim Nos.1b-e) will not support an award of habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the claim was not raised in the state appellate court for review).

## II.) Fully Exhausted Claims

The petitioner's remaining claims, i.e., Claim Nos.1a,1f,1g, and 2, were fully litigated in the state courts on post-conviction

review and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

1) **Validity of Petitioner's Confession**

In a recorded statement to a police informant (Mike Miner), the petitioner acknowledged having stolen seven pounds of marijuana from the victim's apartment on a prior occasion. He admitted

7

returning to the apartment with a co-defendant intending to steal cash that he thought was still hidden there. The petitioner told the informant how he used an extension ladder to gain entry into the third floor apartment and saw his co-defendant shoot the victim to death. The pair then ransacked the apartment before they fled. Docket Entry No.16-2 at pg.69. In a second videotaped statement made to the police, the petitioner repeated the information he had given to the police informant. *Id.* at pg.76.

The petitioner claims that he was coerced into providing these statements, rendering them involuntary (Claim No.2). He asserts that he was under the influence of drugs at the time he issued both statements and that his attorneys were ineffective for failing to file a motion to suppress them.[4]

At the post-conviction evidentiary hearing, counsel testified that they considered filing a motion to suppress the petitioner's statements but decided that there was no legal basis for such a motion.[5] Docket Entry No.14-2 at pgs.24 and 48. Both attorneys

---

[4] The petitioner told his attorneys that he was under the influence of Xanax at the time he made the videotaped statement to the police and that he has been smoking marijuana when he spoke with the police informant. Docket Entry No.14-2 at pgs.22-23.

[5] Part of the defense strategy was to deflect much of the responsibility for the break-in and murder onto the police informant, Mike Minor. Docket Entry No.14-2 at pg.33. Petitioner's recorded conversation with him did that to a large degree. Thus, counsel felt that the introduction of this particular statement aided rather than damaged the petitioner's position. *Id.* at pg.24.

reviewed the statements and spoke with the petitioner. He seemed to them to be lucid when he gave the statements. *Id.* at pg.24. Moreover, before being videotaped, the petitioner signed a consent form. On this form, the interviewer noted that the petitioner did not appear to be impaired in any way. Docket Entry No.16-5 at pg.15.

At the conclusion of the post-conviction evidentiary hearing, the trial judge found that the petitioner had been lucid at the time that he gave his statements to the police. Docket Entry No.14-1 at pg.109. This finding of fact is presumed to be correct and will not be overturned absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). The petitioner has provided no such evidence placing the validity of his statements in question. Thus, it appears that the petitioner's statements were not subject to suppression. This issue, therefore, has no merit.

**2) Ineffective Assistance of Counsel**

The petitioner alleges that counsel were ineffective because they failed to request a mental evaluation of their client (Claim No.1a), failed to order a blood sample that would have shown the petitioner's level of intoxication at the time he gave his statements to the police (Claim No.1f), and failed to object when the trial judge took petitioner's Motion for Judgment of Acquittal under advisement (Claim No.1g).

The Sixth Amendment provides that a criminal defendant is

entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

As noted above, the petitioner appeared to be lucid to his attorneys and the trial judge at the time that he gave his statements to the police. Consequently, counsel could not be perceived as deficient for failing to order a blood sample that would show the petitioner's level of intoxication at the time he gave those statements (Claim No.1f). In the absence of deficient conduct, counsel were not ineffective in this regard.

The petitioner also argues that counsel were ineffective for failing to request a mental evaluation for him (Claim No.1a).[6] Each

---

[6] One of the attorneys testified that the petitioner never told them that he had been evaluated five years earlier at the Middle Tennessee Mental Health Institute. Docket Entry No.14-2 at

10

of petitioner's attorneys had an opportunity to listen to him during their interviews. Neither attorney observed behavior that would place the petitioner's mental health or competency in question. Docket Entry No.14-2 at pgs.26, 51. Nor did the petitioner request a mental evaluation. *Id.* at pg.26. The trial judge accredited this testimony and found that petitioner's attorneys had not been ineffective in this regard. Docket Entry No.14-1 at pg.110. The petitioner has failed to show in what way this ruling runs contrary to federal law. As a consequence, this claim also has no merit.

Finally, the petitioner claims that counsel were ineffective for failing to object when the trial judge decided to take his Motion for Judgment of Acquittal (Docket Entry No.16-3 at pgs.170-171) under advisement (Claim No.1g).

Counsel acknowledged during the post-conviction evidentiary hearing that it was error to allow the trial judge to take the motion under advisement without objection. Docket Entry No.14-2 at pg. 31. The Tennessee Court of Criminal Appeals agreed with her assessment. Docket Entry No.14-11 at pg.11. However, the state court further concluded that the evidence presented by the prosecution was sufficient to sustain the convictions. As a result, the petitioner was unable to show the level of prejudice needed to rise to the level of ineffective assistance. *Id.* at pgs.11-12.

---

pg. 25.

At trial, the prosecution offered the petitioner's incriminating statements to the police into evidence. Items belonging to the victim such as his birth certificate, high school diploma and cancelled checks were recovered from the home of the petitioner's mother. Docket Entry No.16-2 at pgs.130-144. Also found there was a pistol belonging to the petitioner and a pistol belonging to the victim. *Id.* at pgs.77-81. From pictures shown to her, the victim's sister (Sharon Ann West) testified that the petitioner was wearing a gold chain necklace that belonged to her brother. *Id.* at pgs.29-31. Fingerprints of the petitioner's co-defendant were found on the extension ladder recovered at the victim's apartment. *Id.* at pg.122. This evidence was more than sufficient to support the denial of petitioner's Motion. Therefore, the state courts properly held that the petitioner was not prejudiced by the trial court's failure to rule immediately upon his Motion for Judgment of Acquittal.

### D. CONCLUSION

For the reasons stated above, the Court finds that four of the petitioner's claims (Claim Nos.1b-e) are not subject to review due to the petitioner's unexcused procedural default. The petitioner's remaining claims (Claim Nos.1a,1f-g,2) were disposed of by the state courts in a manner that was consistent with federal law.

The petitioner's habeas corpus petition (Docket Entry No.1), therefore, lacks merit. The petition will be denied and this action

shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge